UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:22-cr-39-CEH-TGW

SIMON ARCENTALES CASTRO
_____/

## ORDER

This matter comes before the Court on the Government's Motions *in Limine* (Doc. 89), filed on September 23, 2022.  In the motions, the Government requests the Court permit *voir dire* of Defendant's proffered expert, preclude Defendant's expert from opining on the Defendant's state of mind or credibility, preclude the expert from offering lay testimony, and permit testimony from the Government's witnesses regarding the Defendant's pre-*Miranda* silence. Defendant filed a response outlining the defense expert's anticipated testimony regarding his qualifications. Doc. 103. A hearing on the motion was held October 3, 2022. The Court, having considered the motion and being fully advised in the premises, will grant-in-part and deny-in-part the Government's Motions *in Limine*.

## DISCUSSION

This action arises out of an interdiction that occurred January 7, 2022, while on routine patrol, a maritime patrol aircraft detected a low-profile vessel ("LPV") approximately 113 nautical miles south of Isal de Malpelo, Columbia. On January 27, 2022, Defendant and his two crewmates were charged in a two-count Indictment. Doc.

1. Count One charged Defendant with conspiracy to possess with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b). Count Two charged the Defendant with possession with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and 18 U.S.C. § 2. The two crewmates have pleaded guilty. The trial of Defendant, Simon Arcentales Castro, began October 3, 2022.

Prior to the start of trial, defense counsel notified the Government that Defendant intended to call retired DEA Special Agent Matthew Greimel as an expert witness to provide testimony on behalf of the defense in this matter. By the instant motion, the Government contends the Defendant's expert is not competent to testify in this case given his lack of experience in maritime cases and in cocaine cases. The Government seeks to *voir dire* Special Agent Greimel, which the Court permitted. Counsel for the defense and the Government were permitted to *voir dire* the witness regarding his qualifications to testify in this case brought under the Maritime Drug Law Enforcement Act ("MDLEA").

Given the witness's testimony that he has worked on maritime drug smuggling cases, the motion to exclude the expert is denied as the Court finds he is qualified to testify in this case. Any additional challenges the Government has regarding Special Agent Greimel's inability to identify the number or percentage of cases he has been

involved in goes to the weight, not admissibility, of his opinions and may be addressed by way of cross examination.

The motion is granted to the extent that Special Agent Greimel will not be permitted to testify as to the Defendant's state of mind, as the proffered testimony is precluded by Fed. R. Evid. 704(b). Similarly, Special Agent Greimel is not permitted to testify as to the Defendant's credibility.

Finally, the motion is granted to the extent that the Government will be permitted to introduce evidence of Defendant's pre-*Miranda* silence, assuming it is relevant to the case. Such testimony concerning the Defendant's silence before the interdiction is permissible because, in this Circuit, the Government may comment on a defendant's silence if it occurred prior to the time that he is arrested and given his *Miranda* warnings. *United States v. Rivera*, 944 F.2d 1563, 1568 (11th Cir. 1991); *United States v. Wilchcombe*, 838 F.3d 1179, 1190–91 (11th Cir. 2016).

Accordingly, it is hereby

**ORDERED**:

1. The Government's Motions *in Limine* (Doc. 89) are **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein.

**DONE AND ORDERED** in Tampa, Florida on October 3, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any