UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 8:22-cr-39-CEH-TGW

SIMON ARCENTALES CASTRO
_____/

**ORDER**

    This matter comes before the Court on Defendant, Simon Arcentales Castro's Motion Under Federal Rule of Criminal Procedure 33 to Vacate Adjudication of Guilt and Grant a New Trial (Doc. 133), filed on October 21, 2022. In the motion, Defendant requests the Court grant him a new trial because the verdicts were inconsistent and the jury was improperly instructed. The Government filed a response in opposition. Doc. 134. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion Under Federal Rule of Criminal Procedure 33 to Vacate Adjudication of Guilt and Grant a New Trial.

**I.**    **BACKGROUND**

    On January 27, 2022, a two-count indictment charged Defendant Simon Arcentales Castro ("Defendant") and his two codefendants with conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) (Count One); and possession with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the

United States in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 18 U.S.C. § 2 (Count Two). Doc. 1. Codefendants, Carlos Mero Mero ("Mero Mero") and Elvis Ediel Lopez Batres ("Lopez Batres"), pleaded guilty to Count One of the indictment. Docs. 37, 72. Defendant Castro proceeded to trial. Docs. 107, 111, 112, 115, 116. On October 7, 2022, following a five-day trial, the jury returned a verdict finding Defendant guilty as to Count Two of the indictment charging him with knowingly and intentionally possessing with the intent to distribute, or aiding and abetting other persons in the possession with the intent to distribute, cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 123. The jury was unable to reach a unanimous verdict as to Count One, and thus the Court declared a mistrial as to Count One. *Id.* at 1, Doc. 122.

At trial, the Government presented testimony from law enforcement officers Lieutenant Junior Grade Arthur Wicke, Petty Officer Second Class Kyle Haskell, Special Agent Daniel McCaffrey, Special Agent Nicolas Turasz, Special Agent Jeremy Larson, Special Agent Steven Ray, and forensic chemist Nevin Vigneault. Additionally, the Government called to testify codefendants Mero Mero and Lopez Batres. The Government introduced drug evidence, documents, photographs, and video recordings.

The evidence showed that on January 7, 2022, while on routine patrol, a maritime patrol aircraft detected a low-profile vessel (LPV) in the eastern Pacific Ocean. Doc. 148 at 27, 36. United States Coast Guard Cutter James diverted to intercept the LPV and launched its drone, helicopter, and small boat. *Id.* at 29, 103.

The United States Coast Guard (USCG) authorized a right of visit boarding of the LPV because, as an LPV, it was designed to avoid detection, was riding low in the water, displayed no indicia of nationality, was in international waters in a known drug-trafficking area, and was operating without any navigation lights. Doc. 148 at 32–33, 103.

When the USCG boarded the LPV, there were three people aboard: the Defendant and codefendants Mero Mero and Lopez Batres. *Id.* at 34–36. At the time of the interdiction, the LPV was approximately 100 nautical miles from the closest point of land, which was Malpelo Island, a Columbian territory. *Id.* at 36. The boarding team conducted a full law enforcement boarding of the LPV and recovered approximately 1,151 kilograms of cocaine. *Id.* at 40, 60–65, 165. A DEA forensic chemist later analyzed and weighed the substance. *Id.* at 162. The boarding team also recovered GPS devices and satellite phones. *Id.* at 122. The boarding team members testified that the Defendant appeared calm and did not ask them for any help. *Id.* at 107, 112.

Both Mero Mero and Lopez Batres testified at trial. Doc. 112. Each testified that he knew the trip would involve drug smuggling and chose to participate for monetary payment. The plan was for them to sail the LPV to a point pre-entered in the GPS where they would conduct an at-sea transfer of the cocaine to another vessel. They said that Mero Mero and the Defendant took turns driving the LPV and navigating. They also testified that Defendant was the mechanic responsible for the fuel and engines. They described the tight, cramped conditions inside the LPV, and

Mero Mero testified that Defendant went into the forward hull where the bales of cocaine were located. Lopez Batres was sea-sick for most of the voyage.

The Government presented expert witness testimony on the practices of maritime cocaine smuggling operations. Coast Guard Investigative Service Special Agent Steven Ray testified that LPVs are specifically designed and built to avoid detection for smuggling drugs, which was consistent with the testimony from members of the USCG boarding team. Special Agent Ray described smuggling organizations' recruiting practices, the wholesale and retail value of the cocaine in this case, and the sailing routes in the eastern Pacific commonly utilized for these types of voyages. Special Agent Ray also testified that smuggling organizations would not entrust an outsider or an unwitting participant with approximately $30 million-worth of cocaine.

At the conclusion of the trial, the Court instructed the jury as to the law, including the affirmative defense of duress. The duress instruction provided to the jury, as requested by Defendant, was the standard Eleventh Judicial Circuit Pattern Jury Instruction for criminal cases—S16 "Duress and Coercion." *See* Doc. 119 at 21. That instruction reads as follows:

> The Defendant claims that if he committed the acts charged in the indictment, he did so only because he was forced to commit the crime. If you conclude that the Government has proved beyond a reasonable doubt that the Defendant committed the crime as charged, you must then consider whether the Defendant should nevertheless be found "not guilty" because his actions were justified by duress or coercion.

> To excuse a criminal act, the Defendant must prove by a preponderance of the evidence:
> <u>First</u>: That there was an unlawful and present, immediate, and impending threat of death or serious bodily harm to the Defendant or another;
> <u>Second</u>: That the Defendant's own negligent or reckless conduct did not create a situation where the Defendant would be forced to engage in a crime;
> <u>Third</u>: That the Defendant had no reasonable legal alternative to violating the law; and
> <u>Fourth</u>: That avoiding the threatened harm caused the criminal action.
> A "preponderance of the evidence" is enough evidence to persuade you that the Defendant's claim is more likely true than not true.
> If you find that the Defendant has proven each of these elements by a preponderance of the evidence, you must find the Defendant not guilty.

11th Cir. Pattern Jury Instructions (Criminal Cases), Trial Instruction S16.

During deliberations, the jury sent a note to the Court asking two questions related to duress. First, they asked whether Defendant was required to prove all four elements of duress in order to be found not guilty, and second, whether the threat of harm needed to be present throughout the entirety of the crime. The Court answered the first question by re-reading the duress jury instruction, emphasizing the word "each" in the last sentence of the instruction. The Court responded to the second question by quoting from the Eleventh Circuit's opinion in *United States v. Sixty Acres in Etowah County*, which states, in discussing the duress defense, that "the apprehension of immediate danger must continue during the whole time the crime is committed." 930 F.2d 857, 861 (11th Cir. 1991).

5

The jury returned a verdict of guilty on Count Two. Doc. 123. Because the jury could not reach a unanimous verdict on Count One, the Court declared a mistrial as to Count One. Docs. 122, 123.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Eleventh Circuit has described this as a "broad standard." *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). Additionally, "[t]he decision to grant or deny the new trial motion is within [the] sound discretion of the trial court and will not be overturned on appeal unless the ruling is so clearly erroneous as to constitute an abuse of discretion." *Id.* (quoting *United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990)).

## III. DISUSSION

### A. Sufficient Evidence Supported Jury's Guilty Verdict on Count Two

Defendant first argues that he is entitled to a new trial because the hung jury on Count One and the guilty verdict on Count Two constitute inconsistent verdicts. Specifically, Defendant contends that to be found guilty of aiding and abetting in Count Two requires proof that Defendant intentionally associated with or willingly participated in the crime, facts upon which the jury could not agree for Count One. Doc. 133 at 4. He argues that in the interest of justice, a new trial must be granted.

Defendant's argument is unavailing. As pointed out by the Government, an aiding and abetting theory does not add elements to a substantive offense. The

6

Eleventh Circuit's Pattern Instruction for aiding and abetting reads as to Count Two, "it's possible to prove a Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged." Doc. 119 at 20. The jury was free to find the Defendant guilty of the substantive offense of knowing possession with intent to distribute without relying on the aiding and abetting theory at all. Likewise, the jury was free to find the Defendant guilty of the substantive offense of knowing possession with intent to distribute by relying on the aiding and abetting theory. Verdicts that are "seemingly inconsistent, could [have] easily [been] the result of mistake or lenity by the jury in acquittal as they could be proof of lack of evidence to support the conviction." *United States v. Shenberg*, 89 F.3d 1461, 1471 (11th Cir. 1996) (affirming conviction of defendant on some counts although acquitted on counts alleging related conduct) (citations and internal quotation marks omitted).

Even if the verdicts could be considered inconsistent, however, Defendant's argument fails. The Supreme Court has held that consistency in the verdicts is not required. *United States v. Mitchell*, 146 F.3d 1338, 1344 (11th Cir. 1998) (citing *United States v. Powell*, 469 U.S. 57, 65–66 (1984)). "Consequently, as long as the guilty verdict is supported by sufficient evidence, it must stand, even in the face of an inconsistent verdict on another count." *Mitchell*, 146 F.3d at 1345 (citing *Powell*, 469 U.S. at 67). Here, the jury's guilty verdict on Count Two was supported by substantial evidence. The testimony of the coast guard witnesses established that Defendant and his codefendants were on an LPV, a type of boat known for drug-smuggling, in international waters and were found transporting in excess of 1,000 kilograms of

cocaine. The codefendants testified as to Defendant's role as the mechanic and part-time driver of the LPV. The Government's expert witness testified regarding drug-smuggling operations, recruitment of participants, and as to the value of the cocaine. Because sufficient evidence supported the jury's verdict that Defendant was guilty of knowing possession of cocaine with the intent to distribute it, a new trial is not warranted, and Defendant's motion is due to be denied on this issue.

### B. Jury Was Properly Instructed

Defendant next argues a new trial is warranted because the jurors were improperly instructed regarding duress.  Doc. 133 at 5–7. Defendant raised the affirmative defense of duress and requested the Court give the jury the Eleventh Circuit's Pattern Instruction in criminal cases regarding duress. In charging the jury, the Court instructed the jury as to the Eleventh Judicial Circuit's Pattern Instruction S16 regarding duress and coercion. Doc. 119 at 21. During deliberations, however, the jurors had questions related to duress. The Court relayed the jurors' questions to counsel and heard argument of counsel regarding a proposed response. The Court brought the jury back into the courtroom, re-read the duress instruction, and further instructed the jury citing from the Eleventh Circuit's opinion in *United States v. Sixty Acres in Etowah County*, 930 F.2d 857, 859 (11th Cir. 1991).

In response to the jury's question whether the threat of harm needed to be present throughout the entirety of the crime for a duress defense to apply, the Court advised the jury that "the apprehension of immediate danger must continue during the whole time the crime is committed." *See Sixty Acres*, 930 F.2d at 861. Defendant argues

8

that *Sixty Acres* is factually distinguishable because the court there found the wife had many opportunities to inform law enforcement of her situation but failed to do so. Additionally, Defendant argues that the conduct in *Sixty Acres* occurred over an eight-month period of time in which the wife had multiple opportunities to flee. In contrast, Defendant here testified he tried to prevent the alleged acts from being carried out by sabotaging the engines and flashing a flashlight to draw attention to the boat. And because the entire incident extended for only a one-day period of time, he did not have months to contact law enforcement like the wife in *Sixty Acres* did. Defendant's arguments are unpersuasive.

First, as noted by the Government, the additional instruction from *Sixty Acres* was given in response to the jury's questions and was not part of the initial charge to the jury. Eleventh Circuit caselaw "affords district courts discretion to expand upon initial jury instructions when a jury question arises." *United States v. Lopez*, 590 F.3d 1238, 1253 (11th Cir. 2009) (citing *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir.1991) ("A trial court's response to a jury's question is entrusted to its own sound discretion and a conviction will not be reversed in the absence of an abuse of discretion.")).

Second, a new trial is not warranted where a court's jury instruction is an accurate statement of the law. "Generally, district courts have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts." *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000) (citation and internal quotation marks omitted). The Court initially charged the jury

with the Eleventh Circuit Pattern Instruction regarding duress. When the jury sought clarification regarding duress, the Court re-read the instruction for the jury and provided an accurate statement of law in this Circuit, quoting directly from the *Sixty Acres*' opinion.

Although Defendant testified he tried to foil the plan by not maintaining the engines and by attempting to signal with a flashlight, the jury could have discredited that testimony in favor of the Government's witnesses who testified Defendant appeared calm and did not ask for help. Additionally, Defendant testified that he did not feel threatened by his codefendants while on the LPV. Moreover, Defendant's reliance in his motion on out-of-circuit opinions is misplaced, as this Court provided instructions in accordance with Eleventh Circuit precedent. Because the Court's further instruction to the jury in response to their question was a correct statement of the law, the Defendant's motion for new trial is due to be denied.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion Under Federal Rule of Criminal Procedure 33 to Vacate Adjudication of Guilt and Grant a New Trial (Doc. 133) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 23, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any