UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:22-cr-39-CEH-TGW

SIMON ARCENTALES CASTRO
_____/

**ORDER**

This matter comes before the Court on Defendant Simon Arcentales Castro's Motion for Reconsideration of Reduction of Sentence (Doc. 198), filed on October 27, 2025. In the motion, Defendant requests reconsideration of the Court's Order granting him a reduction in his sentence under Amendment 821, arguing that the reduction in his sentence should have been greater. Also pending is Castro's *pro se* motion seeking the same relief. Doc. 196. The Court, having considered the motions and being fully advised in the premises, will deny Defendant's Motions for Reconsideration.

**DISCUSSION**

On January 27, 2022, in a two-count indictment Defendant Simon Arcentales Castro ("Defendant") and his two codefendants were charged with conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) (Count One); and possession with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a), and

18 U.S.C. § 2 (Count Two). Doc. 1. The codefendants pleaded guilty to Count One of the indictment (Docs. 37, 72), and Defendant Castro proceeded to trial. Docs. 107, 111, 112, 115, 116. On October 7, 2022, following a five-day trial, the jury returned a verdict finding Defendant guilty as to Count Two of the indictment charging him with knowingly and intentionally possessing with the intent to distribute, or aiding and abetting other persons in the possession with the intent to distribute, cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 123. The jury was unable to reach a unanimous verdict as to Count One, and the Court declared a mistrial as to Count One. *Id.* at 1, Doc. 122. Defendant filed a motion for new trial, which was denied. Docs. 133, 154.

A sentencing hearing was held January 6, 2023. Doc. 155. In imposing its sentence, the Court varied downward one level below the guideline range. Doc. 157. Defendant was sentenced to 135 months. Doc. 156. His conviction was affirmed on appeal. Doc. 183.

On April 21, 2025, Castro filed a *pro se* motion seeking a reduction in his sentence under Amendment 821. Doc. 190. Pursuant to the procedure outlined for such motions by Chief Judge Corrigan, *see* Order Regarding Amendment 821 in case 3:21-mc-1-TJC (M.D. Fla. Oct. 31, 2023) (doc. 115), the Office of Probation prepared, and filed on June 16, 2025, an eligibility memorandum regarding Amendment 821 proceedings. Doc. 191. According to the memorandum, Defendant was eligible for a reduction in his sentence based upon his status as a zero-point offender. *Id*. The amended guideline calculation reduced Defendant's total offense level from 34 to 32.

*Id.* The Court entered an order granting Defendant's motion for a reduction in sentence and reduced Defendant's sentence to 121 months. Doc. 194.

Now before the Court are Defendant's motions for reconsideration of the Court's order granting him a reduction in sentence, in which he argues that the Court should have reduced his sentence to 108 months. He claims that when the Court varied downward one level at sentencing, his offense level became a "33" instead of a "34," such that a two-level reduction under Amendment 821 should now result in a new offense level of 31, not 32. He contends that an offense level of 31 results in a guideline calculation of 108 to 120 months. Defendant's argument is without merit. In varying downward at sentencing, the Court did not change or amend Defendant's calculated guideline range. Defendant's motions for reconsideration fail because the variance at sentencing did not impact the original calculated guideline range.

In granting a reduction under Amendment 821, the Court properly applied a two-level reduction to the original calculated guideline range to determine the amended guideline range. *See* Doc. 194; *see also United States v. Escobar*, 641 F. App'x 860, 861 (11th Cir. 2016) (citing U.S.S.G. § 1B1.10(b)(1) (stating that the court must substitute only the relevant amendment into the court's original guideline calculations and must "leave all other guideline application decisions unaffected")). Defendant was resentenced to the lower end of the amended guideline range. *Id.* No further sentence reduction on his Amendment 821 motion is warranted or applicable. His motions for reconsideration are due to be denied.

Accordingly, it is hereby

3

**ORDERED**:

1. Defendant's Motion for Reconsideration of Reduction of Sentence (Doc. 198) is **DENIED**.

2. Defendant's "Motion for Modification of Term of Imprisonment" (Doc. 196) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 4, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Simon Arcentales Castro