UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO: 8:22-cr-39-CEH-TGW

SIMON ARCENTALES CASTRO
_________________________________/

**ORDER**

This matter comes before the Court on Defendant Simon Arcentales Castro's Motion for Modification of Term of Imprisonment (Doc. 200), filed on October 22, 2026, which the Court construes as a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2). In the motion, Defendant requests a multi-level reduction in his sentence based upon a retroactive application of Amendment 833, which went into effect on November 1, 2025.[1] The Government filed a response in opposition. Doc. 201. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Modification of Term of Imprisonment.

**DISCUSSION**

A January 27, 2022 Indictment charged Defendant Simon Arcentales Castro ("Arcentales Castro" or "Defendant") and his two co-defendants with possession and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§

[1] Defendant's motion references Amendment 833 going into effect on November 1, 2026, but the amendment went into effect a year earlier on November 1, 2025. Relevant to his motion, the amendment went into effect after the date of Defendant's sentencing.

70503(a), 70506(a) and (b); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. 1. The case proceeded to trial against Arcentales Castro,[2] and on October 11, 2022, a jury found Defendant guilty as to Count Two of the Indictment.[3] Doc. 123. Arcentales Castro was sentenced on January 6, 2023, to 135 months in prison as to Count Two, with a three-year term of supervised release. Doc. 156. Arcentales Castro appealed his judgment on January 11, 2023 (Doc. 158), and the Eleventh Circuit affirmed his conviction on May 31, 2024 (Doc. 183).

Before the Court is Arcentales Castro's pro se motion for a reduction in his sentence based upon the Sentencing Commission's Amendment 833 to the Sentencing Guidelines, which went into effect nearly two years after Defendant was sentenced. Doc. 200. In support of his motion, Defendant argues that his role in the case was as a messenger or a mariner. Doc. 200 at 3. He denies being a leader, organizer, or owner of the drugs and instead contends his participation was the same as his co-defendants. He asserts that he was only trying to get money to support his family. *Id.* Through his motion, Defendant seeks retroactive application of the Sentencing Commission's amendment providing for a two-point reduction for a "minor role" participant. In opposition, the Government responds that Amendment 833 is a clarifying amendment, not a "Covered Amendment" as contemplated by U.S.S.G. § 1B1.10(d), and therefore it may not be applied retroactively.

---

[2] His co-defendants entered into plea agreements. *See* Docs. 30, 51.
[3] No verdict was reached as to Count One. *See* Doc. 123 at 1.

Pursuant to 18 U.S.C. § 3582(c), the court may not modify a term of imprisonment once it has been imposed except in limited circumstances. Pertinent to Defendant's motion, the court may modify a sentence:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).

The effect of the Sentencing Guidelines Amendment 833 was "to address concerns that §2D1.1 [Unlawful Manufacturing, Importing, Exporting or Trafficking] and §3B1.2 (Mitigating Role) as they currently apply in tandem do not adequately account for the lower culpability of individuals performing low-level functions in a drug trafficking offense." https://www.ussc.gov/guidelines/amendment/833. The amendment, which went into effect November 1, 2025, "specifies that the mitigating role provisions in §2D1.1(a)(5) and the 2-level reduction at §2D1.1(b)(17) apply regardless of whether the defendant receives the §3B1.2 adjustment by direct application of §3B1.2 or by use of the special instruction in §2D1.1(e)(2)(B). Thus, the amendment deletes the phrase 'minimal participant' from §2D1.1(a)(5) and §2D1.1(b)(17) to clarify that those provisions are triggered regardless of whether a defendant receives a 4-level reduction by direct application of §3B1.2(a) or by use of

the new special instruction in §2D1.1(e)(2)(B)." *Id.* Defendant argues that he is entitled to a reduction in his sentence under this new amendment because he was not a leader or organizer but instead was only a messenger or mariner in the charged offense.

Relevant here, the policy statement to the Sentencing Guidelines provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

§ 1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), Fed. Sent. L. & Prac. § 1B1.10(a)(1) (2025 ed.).

"A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) *if*— (A) *none of the amendments listed in subsection (d) is applicable to the defendant*." *Id.* (emphasis added). In reviewing what is a "Covered Amendment" under subsection (d), it is apparent that Amendment 833 is not covered by this policy statement. *See* § 1B1.10(d) (identifying the following Amendments as being covered under this section: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

Because Amendment 833 is not a "Covered Amendment" under this policy statement, the Court may not retroactively apply it to a defendant who is serving a

term of imprisonment in order to reduce his sentence under 18 U.S.C. § 3582(c)(2). Accordingly, Defendant's motion is due to be denied.

**ORDERED**:

1. Defendant's Motion for Modification of Term of Imprisonment (Doc. 200) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Simon Arcentales Castro, pro se
Counsel of Record